UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JOSEPH THOMAS TAKYI, | ) | CASE NO. C09-0609-TSZ |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| A. NEIL CLARK, Field Office Director, | ) | |
| U.S. Immigration and Customs Enforcement, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner, proceeding pro se, filed a Petition for Writ Habeas Corpus pursuant to 28 U.S.C. § 2241, which challenges the lawfulness of his detention without bond by the U.S. Immigration and Customs Enforcement ("ICE"). Dkt. 6. He requests that this Court orders his release from custody on conditions or reasonable bond, arguing that "such custody violates the due process rights of the Petitioner." *Id.* at 1. Respondent has filed a response to petitioner's habeas petition, asserting that petitioner has received a bond hearing before an Immigration Judge on July 2, 2009, and was granted bond in the amount of $10,000. Dkts. 11, 16, and 18. Respondent asserts that because petitioner has been accorded all of the relief

REPORT AND RECOMMENDATION
PAGE -1

sought in his habeas petition, his petition is now moot and should be dismissed. *Id.*

For the reasons set forth below, the Court recommends that petitioner's habeas petition, Dkt. 6, be DISMISSED as moot.

## II. BACKGROUND AND PROCEDURAL HISTORY

On September 27, 1998, petitioner was apprehended by immigration officers when he attempted to enter the United States by walking past an unmanned inspection lane at the San Ysidro Port of Entry. Administrative Record ("AR") at L47, L94. Upon his apprehension, petitioner claimed that his name was Joseph Thomas Takyi and that he was a native and citizen of Sudan. AR at L94. Petitioner asserted a fear of returning to Sudan and was scheduled for an interview with an asylum officer. AR at L110, L118. The asylum officer found that petitioner had established a credible fear and placed him in proceedings before an Immigration Judge ("IJ") for adjudication of his application for asylum. AR at L113, L81. On April 2, 1999, the IJ denied petitioner's application for asylum and ordered him removed to Sudan. AR at L351-76. Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), who reversed the IJ's decision and granted petitioner asylum on July 9, 2007. AR at L394-96.

Petitioner lost contact with his attorney while his appeal was pending with the BIA, and was unaware that he had been granted asylum. On October 3, 2003, petitioner filed a second asylum application with the San Francisco Asylum Office under the name George Tholley. AR at L11-18. Petitioner claimed that he was a native and citizen of Sierra Leone and that he feared the rebels if he returned. AR at L15. Petitioner failed to appear for his asylum interview and was placed in removal proceedings on June 11, 2007. AR at L27-31.

Petitioner failed to appear for removal proceedings before an IJ and was ordered removed to Sierra Leone *in absentia* on October 8, 2008. AR at L36.

On February 18, 2009, petitioner was apprehended by ICE and detained at the Northwest Detention Center. On April 3, 2009, petitioner stated under oath that his true and correct name is George Ofori, not Joseph Thomas Takyi or George Tholley, and that he is a native and citizen of Ghana. AR at L398-402.

The Department of Homeland Security subsequently filed a Motion to Reopen with the BIA, seeking to terminate the prior grant of asylum due to fraud. AR at L407. On May 29, 2009, the BIA granted the government's motion to reopen, and remanded to the IJ for further proceedings. Dkt. 13, Ex. A.

On May 4, 2009, petitioner filed the instant habeas petition, challenging his detention, Dkt. 6. On June 18, 2009, petitioner requested and received a bond hearing on July 2, 2009, before an IJ who granted petitioner release on bond in the amount of $10,000. Dkt. 19, Ex. A. Respondent filed a response, asserting that petitioner has received all of the relief sought and that his habeas petition should be dismissed as moot. Dkt. 18. Petitioner did not file a reply.

### III. DISCUSSION

In his habeas petition, petitioner requests that this Court order his release on conditions or reasonable bond, arguing that "such custody violates the due process rights of the Petitioner." Dkt. 6 at 1. The government contends that the habeas petition is now moot because petitioner has received the relief he requested, release on bond. Dkts. 11, 16, and 18. Despite being afforded the opportunity to do so, petitioner has failed to show that this matter has not been rendered moot by the IJ's July 2, 2009, decision granting him release on $10,000 bond. The

Court agrees with the government that because petitioner has been accorded all the relief sought in his habeas petition, this matter has become moot and may be dismissed. *See Flores-Torres v. Mukasey*, 548 F.3d 708, 710 (9th Cir. 2008)(dismissing as moot portion of habeas petition challenging detention without bond upon grant of bond hearing).

For a federal court to have jurisdiction, "an actual controversy must exist at all stages of the litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002). "When a controversy no longer exists, the case is moot." Id. Because petitioner has been granted the relief sought in his habeas petition – release on bond – the Court finds that petitioner's habeas petition should be dismissed as moot. *See, e.g., Cooney v. Edwards*, 971 F.2d 345, 346 (9th Cir. 1992)(holding that the District Court properly dismissed plaintiff's claims that had become either moot or unripe); *see also Flores-Torres*, 548 F.3d at 710. Accordingly, I recommend that this action be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that this action be DISMISSED as moot. A proposed order accompanies this Report and Recommendation.

DATED this 21st day of August, 2009.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge